## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN E. WILLIAMS, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-19-465-SLP** |
| ) | |
| **MICHAEL LIGHT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff John Williams, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). Plaintiff has also filed a motion for appointment of counsel (ECF No. 14) and a "Request for Order" seeking the first names of certain individuals (ECF No. 15). United States District Judge Scott L. Palk referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court: (1) conclude that Plaintiff has stated a claim against Defendant Light for the use of excessive force in violation of the Eighth Amendment; (2) dismiss, without prejudice, the claim against Defendant Byrd for failure to protect; (3) conclude that Plaintiff has stated a claim against Defendant Ferrell for failure to intervene against the use of excessive force; (4) dismiss, without prejudice, Plaintiff's claim against Defendant Ferrell for supervisory liability on the excessive force claim; (5) dismiss, without prejudice, the procedural Due Process claims against Defendants Jones, Arriaga, Munday, and Byrd; (6) dismiss, with prejudice, the claims for denial of medical care in violation of the Eighth

Amendment against Defendants Payne and Rashti; (7) dismiss, without prejudice, the claim for denial of medical care in violation of the Eighth Amendment against Defendant Crow; (8) dismiss, with prejudice, the claim against Defendant Ensey for denial of exercise in violation of the Eighth Amendment; (9) dismiss, without prejudice, the state law claims for defamation against Defendants Jones, Arriaga, and Byrd; (10) deny Plaintiff's request for appointment of counsel; and (11) deny ECF No. 15.

## I.   SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b).

## II.   STANDARD OF REVIEW

The Court must accept Mr. Williams' allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Williams is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a

complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal).*

## III.   PLAINTIFF'S ALLEGATIONS/NAMED DEFENDANTS

The basis of Plaintiff's Complaint concerns incidents which occurred at Cimarron Correctional Facility (CCF), a private prison which is operated by Core Civic.[1] (ECF No. 1). Plaintiff has named ten Defendants: (1) Michael Light, correctional counselor at CCF; (2) Raymond Byrd, warden of CCF; (3) Andrew Ferrell, lieutenant at CCF; (4) Jacqulin Arriaga, case manager at CCF; (5) Greg Jones, member of internal affairs at CCF; (6) Mr. Munday, unit manager at CCF; (7) Mr. V. Ensey, assistant warden of CCF; (8) Mr. Payne, physician at CCF; (9) Safieh Rashti, health services administrator at CCF; and (10) Scott Crow, interim director of the Oklahoma Department of Corrections.[2] (ECF No. 1:2-3, 31-32) Plaintiff sues Defendants Light, Byrd, Ferrell, Arriaga, and Jones in both their individual and official capacities and sues Defendants Munday, Ensey, Payne, Rashti, and Crow in their official capacity only. (ECF No. 1:2-3, 31-32). Plaintiff alleges claims involving:

1. Excessive use of force;

2. Aiding and abetting an assault;

---

[1]   *See* www.corecivic.com/facilities.

[2]   Plaintiff initially named former DOC director Joe Allbaugh as a defendant, but after this lawsuit was filed, Defendant Allbaugh resigned as ODOC Director and Scott Crow was appointed ODOC Interim Director. *See Director's Office*, Okla. Dep't of Corr., http://doc.ok.gov/directors-office. Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Interim Director Crow is substituted as a party in this action for all claims raised against Defendant Allbaugh in his official capacity. *See* Fed. R. Civ. P. 25(d).

4

3.  Violations of procedural Due Process;

4.  Denial of adequate medical care;

5.  Denial of proper exercise; and

6.  Defamation of character.

(ECF No. 1:12-29). Mr. Williams seeks monetary damages and injunctive relief. (ECF No. 1:5, 37).

## IV.   EXCESSIVE USE OF FORCE

The Eighth Amendment protects convicted prisoners from malicious or sadistic uses of force, and courts apply its analysis to inmate claims of excessive force. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). "[A]n [Eighth Amendment] excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.' " *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citation omitted). The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." *Hudson,* 503 U.S. at 8. "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Smith*, 339 F.3d at 1212.

Plaintiff alleges that Defendant Light used excessive force in violation of the Eighth Amendment when he "fired a pepperball gun into a group of several inmates, including [Plaintiff]." (ECF No. 1:12). According to Mr. Williams, Defendant Light acted

5

"malicious[ly]" because when he fired the pepperball gun, "[n]o one was standing or posing a threat to any staff or inmates," although Defendant Light had initially responded to an inmate fight, which Plaintiff states had ceased prior to Defendant Light's action. (ECF No. 1:13). Under similar circumstances, the Tenth Circuit Court of Appeals has held that allegations of a prison official's unwarranted and deliberate use of pepper spray into a crowd of inmates was sufficient to state an Eighth Amendment claim for excessive force. *See DeSpain v. Uphoff*, 264 F.3d 965, 978-979 (10th Cir. 2001). Applying *DeSpain*, the Court should conclude that Mr. Williams' allegations are sufficient to state a claim for excessive force under the Eighth Amendment against Defendant Light.

## V.   "AIDING AND ABETTING ASSAULT"/FAILURE TO PROTECT/FAILURE TO INTERVENE

Plaintiff alleges liability against Defendants Byrd and Ferrell for conduct he describes as "Aiding and Abetting Assault." (ECF No. 1:12-13). The Court construes the claims: (1) against Defendant Byrd under a theory of "failure to protect" Plaintiff from the use of excessive force and (2) against Defendant Ferrell under theories involving a "failure to intervene" to prevent the use of excessive force and supervisory liability for Defendant Light's use of excessive force. The Court should dismiss these claims.

### A.   Defendant Byrd

Plaintiff alleges that Defendant Byrd failed to protect Plaintiff against Defendant Light's use of excessive force. (ECF No. 1:12-13). Mr. Williams' theory is two-fold: a failure to protect and failure to take corrective action. The Court should dismiss both claims.

### 1.     Law Regarding Claims Involving Failure to Protect

The Eighth Amendment protects prisoners against cruel and unusual punishment, which includes a duty on prison officials to protect prisoners in custody from violence. *Farmer v. Brennan*, 511 U.S. 825 (1994). "To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm …, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings,* 445 F.3d 1254, 1258 (10th Cir. 2006) (quotation and brackets omitted). Under the subjective component, the official must "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### 2.     Plaintiff's Claims

Mr. Williams alleges two theories of liability against Defendant Byrd—a failure to protect Plaintiff from the use of excessive force and a failure to take corrective action after the pepperball incident occurred. (ECF No. 1:12-13). Regarding the failure to protect, Plaintiff alleges that it was "obvious [to Defendant Byrd] that Michael Light didn't have any regards for [Plaintiff's] safety" because Defendant Light had not "allow[ed] [Plaintiff] to go to medical on June 3, 2018 for routine pill pass," and Plaintiff had informed Defendant Byrd of the same and requested that Defendant Light not be allowed in Plaintiff's housing unit. (ECF No. 1:12). These allegations fail to satisfy the subjective component of an Eighth Amendment claim for failure to protect.

Assuming Plaintiff's allegations as true, Defendant Byrd had knowledge that Defendant Light had disallowed a pill pass for Plaintiff, but this knowledge, without more, would be insufficient for Defendant Byrd to thereafter draw an inference that "a substantial risk of harm" existed to Mr. Williams. Although Plaintiff states that the risk of harm was "obvious" to Defendant Byrd, the Court should disagree. Plaintiff's theory would require Defendant Byrd to assume risk of harm to Plaintiff existed because Defendant Light had disallowed Plaintiff a "routine pill pass." But an Eighth Amendment failure to protect claim "may not be established by a reliance upon unsupported assumptions." *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) such as the speculation offered by Mr. Williams. Thus, the Court should dismiss the claim against Defendant Byrd, for failure to protect, without prejudice.

Plaintiff also alleges a "secondary" theory of liability against Defendant Byrd for "failure to protect"—arguing that Defendant Byrd "chose not to deal with the issue of Michael Light's excessive use of force." (ECF No. 1:13). The Court should dismiss this theory, without prejudice, for failure to state a claim, as the allegations are conclusory. *See Solazzo v. Bynes*, No. 14-CV-00040-REB-BNB, 2015 WL 4511544, at *3 (D. Colo. Jan. 27, 2015), *report and recommendation adopted*, No. 14-CV-00040-REB-CBS, 2015 WL 4484468 (D. Colo. July 23, 2015), *judgment entered*, No. 14-CV-00040-REB-NYW, 2015 WL 4504760 (D. Colo. July 24, 2015), and *aff'd,* 653 F. App'x 611 (10th Cir. 2016) (denying plaintiff's proposed amendment to add defendants to a claim that prison officials had "failed to take corrective measures" because such allegations were "vague [and] conclusory.").

**B.    Defendant Ferrell**

Plaintiff alleges that Defendant Ferrell is liable for Defendant Light's use of the pepperball gun because: (1) Defendant Ferrell knew that the situation did not warrant use of the pepperball gun, yet he "allowed it to happen" and (2) Defendant Ferrell "was the superior officer and the Assistant Shift Supervisor, possessing supervisory liability." (ECF No. 1:13). The Court should characterize Plaintiff's first theory as a "failure to intervene" and his second theory as one seeking supervisory liability on the excessive force claim.

### 1.    Law Regarding a Claim of Failure to Intervene

"An officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Indeed, the Tenth Circuit Court of Appeals has stated:

> It is "clearly established" that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.

*Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008). Whether an officer had sufficient time to intercede or was capable of preventing the allegedly excessive force being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise. *Vondrak,* 535 F.3d at 1210.

### 2.    Plaintiff's Claims

Mr. Williams alleges that Defendant Ferrell is liable for: (1) failing to intervene to prevent Defendant Light's use of excessive force and (2) under a theory of supervisory liability for Defendant Light's actions. (ECF No. 1:13-14). Absent proof of an underlying violation by use of excessive force, an officer cannot be held liable for failing to intervene. *See Vondrak*, *supra*. Previously, the Court concluded that Mr. Williams has stated a claim for excessive force against Defendant Light. *See supra*. Accordingly, and for purposes of this discussion, the Court should assume the presence of excessive force requisite to the claim against Defendant Ferrell for failure to intervene. Thus, the remaining issue concerns whether there was a realistic opportunity for Defendant Ferrell to have intervened to prevent Defendant Light's use of the pepperball gun.

In the Complaint, Plaintiff states that Defendant Ferrell "kn[ew] that it was not a force needed situation" as "[t]he fight had ceased before responders arrived." (ECF No. 1:13). Plaintiff also alleges that Defendant Ferrell arrived on the scene, briefly spoke with the unit's officer and then "allowed [Defendant Light to fire the pepperball gun], unfazed." (ECF No. 1:13). Under *Vondrak*, Mr. Williams has properly alleged that Defendant Ferrell "had sufficient time to intercede or was capable of preventing the allegedly excessive force" at hand. Thus, at this juncture the Court should conclude that Plaintiff has stated a claim against Defendant Ferrell for "failure to intervene."

However, the Court should also conclude that Plaintiff has failed to state a claim against Defendant Ferrell based on a theory of supervisory liability. A defendant may be liable in a supervisory capacity under §1983 if the plaintiff demonstrates that the

defendant: (1) promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). To prove liability in a supervisory capacity, the plaintiff must also identify the specific policies over which the defendants possessed responsibility that led to the alleged constitutional deprivation. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Here, Mr. Williams fails to allege that Defendant Ferrell was responsible for a particular policy that caused the alleged excessive force. Instead, Plaintiff only states that Mr. Ferrell should be responsible because he was "the superior officer and the Assistant Shift Supervisor." (ECF No. 1:13). These allegations are insufficient to state a claim against Defendant Ferrell for supervisory liability on the excessive force claim and the Court should dismiss this claim, without prejudice.

## VI.   PROCEDURAL DUE PROCESS

Plaintiff alleges violations of procedural Due Process against Defendants Jones, Arriaga, Munday, and Byrd. (ECF No. 1:14-21). The Court should dismiss these claims, without prejudice.

### A.   Law Regarding Claims Alleging Violation of Procedural Due Process

"The Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.' " *Estate of DiMarco v. Wyo. Dep't of Corrs.,* 473 F.3d 1334, 1339 (10th Cir. 2007). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally

11

cognizable liberty [ ] interest with which the state has interfered." *Steffey v. Orman,* 461 F.3d 1218, 1221 (10th Cir. 2006) (citation omitted). A liberty interest can arise in one of two ways:

- the imposition of conditions involving an "atypical and significant hardship ... in relation to the ordinary incidents of prison life,"[3] or

- a disciplinary action that inevitably affects the duration of the sentence.[4]

Once the inmate establishes the existence of a liberty interest, the Court will then determine whether the individual was afforded "an appropriate level of process." *Veile v. Martinson,* 258 F.3d 1180, 1184–85 (10th Cir. 2001) (citation omitted). For inmates facing a disciplinary hearing, that process requires: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, (1985). In addition, the results from the prison disciplinary hearing must be supported by "some evidence in the record." *Hill,* 472 U.S. at 455–56.

### B.    Plaintiff's Claims

On October 3, 2018, Defendant Jones wrote an "offense report" against Plaintiff charging him with a Class A-5 offense for intimidation/bullying-menacing an inmate. (ECF No. 1:14-16). The alleged victim was another inmate, Raiscalle Young, and according to Plaintiff, he was trying to help Mr. Young whom Plaintiff believed to be "not of sound

---

[3] *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995) (citations omitted).

[4] *See Wilson v. Jones,* 430 F.3d 1113, 1117 (10th Cir. 2005).

mind," rather than intimidate or bully him. (ECF No. 1:14). The offense report led to a misconduct and a finding of guilt which resulted in Plaintiff being placed in the Intensive Supervision Unit (ISU) program beginning October 8, 2018. (ECF No. 1:14).

Mr. Williams alleges various procedural deficiencies occurred which subjected him to "atypical and significant hardship" in the form of his conditions of confinement in the ISU. Specifically, Plaintiff alleges:

- Defendant Jones wrote the offense report which formed the basis for the misconduct without fully investigating the underlying facts;

- Defendant Arriaga: (1) failed to present Plaintiff with the proper forms for his signature prior to being sent to ISU and (2) falsified information in a "level demotion document;"

- Defendant Munday: (1) failed to present Plaintiff with the proper forms for his signature prior to being sent to ISU and (2) was part of the committee who sent Plaintiff to ISU; and

- Defendant Byrd "malicious[ly]" affirmed Plaintiff's misconduct conviction in order to "keep [Plaintiff] in the ISU program." [5]

(ECF No. 1:14-21).

But before determining whether these actions had violated Mr. Williams' constitutional rights to proper procedure, he must establish the existence of a liberty interest. *See supra, Steffey*. As stated, inmates have a liberty interest in avoiding particular conditions of confinement if the nature of those conditions present an "atypical

---

[5] Plaintiff also alleges that Defendant Byrd violated Plaintiff's procedural due process rights by improperly responding to a grievance submitted by Plaintiff in an attempt to thwart Plaintiff's efforts at exhaustion. (ECF No. 1:19). The grievance involved Plaintiff's request to have his sentence reduced, which is *not* a claim that Mr. Williams presents in the current action. *See* ECF No. 1. Although a prison official may not thwart an inmate's efforts at exhaustion, *see Little v. Jones*, 607 F3d 1245 (10th Cir. 2010), the allegations against Defendant Byrd would only be relevant if exhaustion of the "sentence reduction" issue was relevant to the instant case, which it is not. Thus, the Court should dismiss these particular allegations against Defendant Byrd.

and significant hardship on the inmate in relation to the ordinary incidents of prison life."
*See supra*, *Sandin.* Plaintiff alleges that he has been subjected to "atypical and significant
hardship" based on conditions in the ISU involving:

- a loss of telephone privileges for 90 days;

- the ability to only make minimum hygiene purchases;

- a reduction in available visitation days; and

- the disallowance of "the required hour out of cell time for 5 days a week,"
  which has aggravated his pre-existing knee and back injuries.

(ECF No. 1:14-21). Courts have held that a temporary loss of telephone privileges, no
store privileges, and restricted visitation are insufficient to invoke a liberty interest. *See,*
*e.g., Blum v. Fed. Bureau of Prisons,* No. 98–1055, 1999 WL 638232, at 3 (10th Cir. 1999)
(holding that ninety-day confinement without store privileges, radio, and phone calls did
not differ in significant degree and duration from ordinary incidents of prison life to create
a protected liberty interest); *McCoy v. Denning,* 2006 WL 1360121 at * 4 (D. Kan. 2006)
(segregation where inmate allowed only "one visiting day, one hour of recreation,
restricted commissary, no t.v., no radio, and other privileges that are restricted" did not
allege conditions significantly more restrictive or atypical than "to be normally expected
by one serving a jail term") (internal quotation marks and citation omitted). Thus, with
respect to those losses, no liberty interest was implicated.

With respect to a denial of exercise, Mr. Williams' allegations that he was
repeatedly denied adequate out-of-cell exercise (which he claims to be one hour, five
days per week) would implicate a liberty interest under *Sandin*. *See Perkins v. Kansas*
*Dep't of Corr.,* 165 F.3d 803, 810 (10th Cir. 1999) (inmate's allegations of continuing

deprivation of outdoor exercise stated an Eighth Amendment claim); *Housley v. Dodson,* 41 F.3d 597, 599 (10th Cir. 1994) (concluding that inmate had stated an Eighth Amendment claim by alleging that he had received only thirty minutes of out-of-cell exercise in three months). Thus, with the existence of a liberty interest established based on the allegations of inadequate exercise, the question is whether Mr. Williams was afforded "an appropriate level of process." *See supra*, *Veile.*

As stated, the Supreme Court has held that inmates facing a disciplinary hearing require procedural Due Process involving: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See supra*, *Hill.* In addition, there must exist "some evidence in the record" to support the misconduct. *See supra*, *Hill.*

Mr. Williams does not allege that he was not afforded any of the aforementioned procedural protections in connection with his disciplinary hearing. *See* ECF No. 1:14-21. Instead, Plaintiff alleges:

- Defendant Jones wrote the offense report which formed the basis for the misconduct without fully investigating the underlying facts;

- Defendant Arriaga: (1) failed to present Plaintiff with the proper forms for his signature prior to being sent to ISU and (2) falsified information in a "level demotion document;" and

- Defendant Munday: failed to present Plaintiff with the proper forms for his signature prior to being sent to ISU.

(ECF No. 1:14-19). None of these allegations demonstrate a constitutional deprivation of Due Process under *Hill* and the claims against Defendants Jones, Arriaga, and Munday should be dismissed without prejudice.

Plaintiff alleges that Defendant Byrd "malicious[ly]" affirmed Plaintiff's misconduct conviction in order to "keep [Plaintiff] in the ISU program" despite proof of Plaintiff's innocence. (ECF No. 1:21). The undersigned construes Plaintiff's allegations against Defendant Byrd as a claim alleging that the disciplinary conviction was not supported by "some evidence," but instead out of malice against Mr. Williams. But the Court should dismiss this claim because a plaintiff may not proceed under § 1983 if a ruling in his favor would necessarily invalidate his disciplinary conviction. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *see also Edwards v. Balisok,* 520 U.S. 641, 648 (1997). Here, Mr. Williams has not alleged that his disciplinary conviction has been reversed, and indeed it would appear that it has not been, as Plaintiff still complains of being confined to the ISU. (ECF No. 1:37). The dismissal should be without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice." (citations omitted)).

## VII.   DENIAL OF ADEQUATE MEDICAL CARE

Mr. Williams has alleged a denial of medical care in violation of the Eighth Amendment and seeks liability against Defendants Payne, Rashti, and Crow. (ECF No. 1:22-25). Plaintiff sues these Defendants in their official capacities only,[6] but as employees of Core Civic, the private company who owns and operates CCF, Defendants

---

[6]  *See* ECF No. 1:32.

Payne and Rashti are not considered state officials and an official liability claim cannot be asserted against them. *See Jones v. Barry*, 33 F. App'x 967, 971, n.5 (10th Cir. 2002) ("the CCA defendants are not state actors, and they do not have an "official capacity."); *Alamiin v. Patton*, No. CIV-13-1001-F, 2016 WL 7217857, at *6 (W.D. Okla. Dec. 13, 2016) ("As employees of a private prison, they are not state officials, and official capacity claims cannot be asserted against them."). Thus, the Court should dismiss the Eighth Amendment claims against Defendants Payne and Rashti, with prejudice. *See Borrego v. Core Civic*, No. CIV-18-1044-D, 2019 WL 303013, at *1 (W.D. Okla. Jan. 23, 2019) (dismissing official capacity claims against private prison employees with prejudice).

Regarding Defendant Crow, Plaintiff seeks liability against the DOC Interim Director because he "is responsible for compliance, annual review an and revisions of Policy 'P-140100' " and has been "callous and reckless" in "disregarding his responsibility" regarding said policy. (ECF No. 1:24). In support, Mr. Williams states: "The medical staff here at Cimarron Correctional Facility are not providing me adequate medical care." (ECF No. 1:24). Plaintiff complains that he has submitted multiple medical requests pertaining to his knee and back injuries, and although he admits to having been treated, he alleges that he still suffers from chronic pain and new injuries as a result of poor treatment. (ECF No. 1:24-25).

To state a claim for liability in a supervisory capacity, the plaintiff must allege that the defendant(s): (1) promulgated, created, implemented, or possessed responsibility for the continued operation of a specific policy that (2) caused the complained of

constitutional harm and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *See supra*, *Dodds and Pahls.*

Here, Mr. Williams alleges that Defendant Crow is responsible for "Policy P-140100," his "callous and reckless" disregard of which has somehow violated the Eighth Amendment. But Mr. Williams has not stated what "Policy P-140100" is or how Defendant Crow's disregard of the same resulted in a constitutional violation. Instead, Mr. Williams only states that he has been denied adequate medical care. Such allegations are conclusory and insufficient to state a claim against Defendant Crow. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated."). Accordingly, the Court should dismiss, without prejudice, the claims against Defendant Crow for denial of adequate medical care in violation of the Eighth Amendment.

## VIII.  DENIAL OF EXERCISE

Mr. Williams seeks liability against Defendant Ensey, alleging a denial of adequate exercise in violation of the Eighth Amendment. (ECF No. 1:25-26). Plaintiff sues Defendant Ensey in his official capacity only,[7] but as stated, *supra*, as an employee of Core Civic, Defendant Ensey is not considered a state official and an official liability claim

---

[7]  *See* ECF No. 1:31.

cannot be asserted against him. *See supra*. Thus, the Court should dismiss the Eighth Amendment claim against Defendant Ensey, with prejudice.

## IX.    DEFAMATION OF CHARACTER

Mr. Williams seeks liability against Defendants Jones, Arriaga, and Byrd for "Defamation of Character." (ECF No. 1:27). As the Tenth Circuit has recognized, "[h]arm to reputation alone does not state a proper federal claim, but rather is a matter for state tort law." *See Curiale v. Suitter, Axland & Hanson*, 142 F. App'x 352, 353 (10th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)); *see also Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (stating that there is no "constitutional protection for the interest in reputation"); *see also Marner v. City of Aurora*, 624 F. App'x 665, 667 (10th Cir. 2015) (unpublished) (affirming dismissal of § 1983 claim for defamation of character because "injury to reputation is not a deprivation of a constitutionally protected property or liberty right").

Under Oklahoma law, to assert a claim for defamation, Mr. Williams must allege:

- a false and defamatory statement concerning another;
- an unprivileged publication to a third party;
- fault amounting at least to negligence on the part of the publisher; and
- either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n,* 335 F.3d 1161, 1166 (10th Cir. 2003) (citation omitted); *Hetronic Int'l, Inc. v. Rempe*, 99 F. Supp. 3d 1341, 1349 (W.D. Okla. 2015); *Grogan v. KOKH, LLC*, 2011 OK CIV APP 34, 256 P.3d 1021, 1027. Mr. Williams has alleged defamation by Defendants Jones, Arriaga, and Byrd, but the Court should dismiss thee claims without prejudice.

### A.    Defendants Jones and Arriaga

Mr. Williams argues that Defendant Jones is liable for defamation because he prepared an offense report which was used in Plaintiff's misconduct hearing and which Plaintiff believes contained false statements about him. *See* ECF No. 1:27; *supra*. Plaintiff alleges that Defendant Arriaga is liable for defamation because she: (1) rated Plaintiff as "poor" in several areas in an "adjustment review" and (2) in the same document, noted that Plaintiff had been demoted due to "Security Threat Group Activity and an Altercation on the Unit That Resulted in Serious Injury to Another Inmate." (ECF No. 1:27-28).

As stated, a required element of a defamation claim is that the publication at issue be unprivileged. *See supra*. Here, however, the Court should conclude that the statements made by Defendant Jones in his offense report and by Defendant Arriaga in her adjustment review would be considered "privileged," thereby exempting them from qualifying as an "unprivileged publication" as required to prove a defamation case.

Under Oklahoma law, the issue of whether a communication is privileged is a question of law to be determined by the court. *Samson Investment Co. v. Chevaillier*, 1999 OK 19, 988 P.2d 327 (Okla. 1999). Oklahoma has long recognized the "litigation privilege" under which attorneys, parties, jurors, and witnesses are immune from defamation liability for statements made in the course of judicial or quasi-judicial proceedings, so long as the statements are relevant to the proceeding. *Samson Investement Co.*, 988 P.2d at 329–30. Here, the Court should conclude that the statements made by Defendant Jones and Defendant Arriaga in the Offense Report and the adjustment review were statements made in the course of "quasi-judicial

proceedings"—that being Plaintiff's disciplinary hearing and level adjustment review—and are thereby considered "privileged"—which is fatal to Plaintiff's defamation claim. Thus, the Court should dismiss these claims without prejudice.

### B.   Defendant Byrd

Plaintiff alleges liability for defamation against Defendant Byrd because he affirmed Plaintiff's misconduct conviction. (ECF No. 1:28-29). Mr. Williams concedes that Defendant Byrd did not actually make any false statements himself, *see* ECF No. 1:29, but alleges that the affirmance "is not far off from Warden Raymond Byrd actually making the false accusation himself." (ECF No. 1:29). Plaintiff's own admission that Defendant Byrd did not actually make any false statements is fatal to his defamation claim, and the Court should dismiss this claim without prejudice.

## X.   PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Mr. Williams has filed a request for counsel. (ECF No. 14). The Court should deny Plaintiff's request.

Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only "request" an attorney to take the case. Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1); *see Mills v. Fischer*, 645 F.3d 176, 177 n.3 (2d Cir. 2011) ("A district court is empowered only to 'request' an attorney to represent an [in forma pauperis] plaintiff, § 1915(e)(1), but case law commonly refers to the arrangement as 'appointed' counsel."); *see generally Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989) (interpreting similar statutory language, in an earlier version of the statute, to prohibit "coercive appointments of counsel").

In addition to the discretionary nature of court-appointed counsel in § 1983 cases, several other factors are relevant: (1) the merits of the claims, (2) the nature of the claims, (3) plaintiff's ability to present the claims, and (4) the complexity of the issues. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). As noted by the Tenth Circuit Court of Appeals in *Rachel*,

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like Mr. Rachel. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Id.*

The Court has considered the factors and circumstances of Plaintiff's case bearing on the need for counsel. Mr. Williams states that counsel is necessary to assist him in this matter because he suffers from chronic pain. (ECF No. 14). This reason is not persuasive. If Plaintiff is in need of medical treatment, he should seek internal assistance with prison medical officials at CCF. At this stage, the Court should deny Plaintiff's request for appointment of counsel without prejudice to his ability to request counsel at some later stage in these proceedings, if appropriate.

## XI.    PLAINTIFF'S "REQUEST FOR ORDER"

In ECF No. 15, Plaintiff has filed a "Request for Order" asking the Court to order Core Civic to provide Plaintiff with the full names of Defendants Munday, Payne, and Ensey, as well as non-party, "Ms. Miller." (ECF No. 15). If the Court adopts this

recommendation, the Court should deny Plaintiff's request because no claims would remain against Defendants Munday, Payne, and Ensey, and "Ms. Miller" is not a party to the current action.

## XII.  SUMMARY OF RECOMMENDATIONS

Based on the foregoing, the Court should: (1) conclude that Plaintiff has stated a claim against Defendant Light for the use of excessive force in violation of the Eighth Amendment; (2) dismiss, without prejudice, the claim against Defendant Byrd for failure to protect; (3) conclude that Plaintiff has stated a claim against Defendant Ferrell for failure to intervene against the use of excessive force; (4) dismiss, without prejudice, Plaintiff's claim against Defendant Ferrell for supervisory liability on the excessive force claim; (5) dismiss, without prejudice, the procedural Due Process claims against Defendants Jones, Arriaga, Munday, and Byrd; (6) dismiss, with prejudice, the claims for denial of medical care in violation of the Eighth Amendment against Defendants Payne and Rashti; (7) dismiss, without prejudice, the claim for denial of medical care in violation of the Eighth Amendment against Defendant Crow; (8) dismiss, with prejudice, the claim against Defendant Ensey for denial of exercise in violation of the Eighth Amendment; (9) dismiss, without prejudice, the state law claims for defamation against Defendants Jones, Arriaga, and Byrd; (10) deny Plaintiff's request for appointment of counsel (ECF No. 14); and (11) deny Plaintiff's motion for order (ECF No. 15).

## XIII.  NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the

District Court by **August 16, 2019.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## XIV.  STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral to the undersigned magistrate judge in the above-captioned matter.

ENTERED on July 30, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE