IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JOHN E. WILLIAMS, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-465-SLP |
| MICHAEL LIGHT et al., | ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiff John E. Williams, III filed this 42 U.S.C. § 1983 suit against various persons associated with the Cimarron Correctional Facility. *See* Compl., Doc. No. 1. Pursuant to 28 U.S.C. §§ 636, 1915, and 1915A, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation [Doc. No. 17], in which he recommended that some of Plaintiff's claims be dismissed without prejudice, that some of Plaintiff's claims be dismissed with prejudice, and that two of Plaintiff's claims be allowed to continue in this lawsuit—one against Defendant Michael Light for the alleged use of excessive force in violation of the Eighth Amendment to the U.S. Constitution and one against Defendant Andrew Ferrell for the alleged failure to intervene against the use of excessive force, also in violation of the Eighth Amendment.[1] *See* R. & R., Doc. No. 17. Judge Erwin also

---

[1] In addition to the lack-of-identified-policy reason stated in the R. & R. [Doc. No. 17] for dismissal of Plaintiff's § 1983 claim against Mr. Ferrell based in supervisory liability, the Court finds more broadly that Plaintiff has failed to allege Mr. Ferrell's personal involvement in the alleged constitutional violation in any other way and has failed to allege a causal connection between Mr. Ferrell and the alleged constitutional violation—except as to the § 1983 failure-to-intervene claim against Mr. Ferrell which is not being dismissed. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) ("[T]he plaintiff must

recommended that two pending motions filed by Plaintiff—a Request for Counsel [Doc. No. 14] and a Request for Order [Doc. No. 15]—be denied.  Plaintiff thereafter filed his Objection [Doc. No. 18] to the R. & R.[2]  The Court reviews de novo those portions of the R. & R. to which Plaintiff made specific objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having done so, the Court finds that Judge Erwin's R. & R. should be adopted in all respects but one.

Plaintiff did not object to Judge Erwin's suggested disposal of:

(i)     Plaintiff's § 1983 claims against Defendant Greg Jones, Defendant Jacquelin Arriaga, Defendant Munday, and Defendant Raymond Byrd (warden of the relevant correctional facility) for the alleged denial of procedural due process,

(ii)    Plaintiff's § 1983 claim against Defendant Payne and Defendant Safeih Rashti for alleged denial of medical care (instead only objecting to Judge Erwin's suggested dismissal of this claim as to Defendant Scott Crow), or

(iii)   Plaintiff's § 1983 claim against Defendant V. Ensey for alleged denial of exercise.

---

demonstrate an affirmative link between the supervisor and the violation. . . . [via] three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." (quotation marks and citation omitted)) (indicating that a "supervisor's promulgation, creation, implementation, or utilization of a policy that caused deprivation of [a] plaintiff's rights" is one way to show the supervisor's personal involvement, but not the only way that a plaintiff may do so).

[2] Plaintiff references certain exhibits in his Objection [Doc. No. 18], which the Court construes as references to the Exhibits "A" through "G" filed at Document No. 7-1.  Plaintiff has not provided the Court with the other exhibits referenced in his Objection.  *See* Obj. 2, Doc. No. 18 (referencing "[E]xhibit[] . . . K"); *id.* at 3 (referencing "[E]xhibit[] . . . I").  In light of Plaintiff's pro se status, the Court has considered the exhibits that were submitted in reaching its ruling (all of which were referenced by Plaintiff in his Complaint [Doc. No. 1]), but none of them ultimately affect the Court's determinations herein.

*Compare* R. & R. 11-18, Doc. No. 17, *with* Obj., Doc. No. 18.  Plaintiff accordingly has waived review of both factual and legal questions regarding these claims, and Judge Erwin's suggested treatment of them will be adopted by the Court.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Plaintiff makes specific objections to four of Judge Erwin's recommendations, which the Court considers in turn.  First, Plaintiff objects to Judge Erwin's recommendation that Plaintiff's § 1983 claim against Warden Byrd for a failure to protect Plaintiff be dismissed as (i) not meeting the subjective component of a failure to protect claim in part[3] and (ii) stating only vague and conclusory allegations in part.  *See* R. &R. 7-8, Doc. No. 17; Obj. 1-2, Doc. No. 18.  The Court concurs with Judge Erwin's suggested disposition of this claim.  Plaintiff has not connected how Warden Byrd's alleged knowledge of Mr. Light's refusal to allow Plaintiff "to go to medical on June 3, 2018 for routine pill pass" could have informed Warden Byrd of the need to protect Plaintiff from Mr. Light's subsequent alleged "use of the pepperball gun."  Compl. 12, Doc. No. 1; *see Castillo*, 790 F.3d at 1021 ("To prevail on the subjective component, the prisoner must show that the defendant knew the prisoner faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." (quotation marks and citation omitted)).

Second, Plaintiff objects to Judge Erwin's recommendation that Plaintiff's § 1983 claim against Defendant Scott Crow (director of the Oklahoma Department of

---

[3] The same analysis (regarding deliberate indifference) applies in a claim for the failure to protect an inmate from harm regardless of whether the alleged harm is caused by another innate or, as here, by a prison official.  *See Castillo v. Day*, 790 F.3d 1013, 1019-21 (10th Cir. 2015); *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

Corrections)[4] for denial of medical care be dismissed because of Plaintiff's failure to adequately identify the policy at issue or how the policy for which Director Crow was responsible caused the injuries that Plaintiff claims to have suffered. Having reviewed Plaintiff's pleading, giving it the liberal construction due a pleading filed by a pro se litigant, accepting its allegations as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has adequately stated a § 1983 claim against Director Crow for supervisory liability. Plaintiff alleges a specific policy to exist for which Director Crow is responsible and alleges that, apparently because of that policy, he has not received treatment for what he alleges to be long-term, chronic medical conditions. Instead, he alleges that he has been told that an inmate must "be seen by sick-call [a] routine three times for the same problem before [an inmate] can get treatment or see a doctor" and that no care at all is available for chronic pain and chronic injuries. Compl. 25, Doc. No. 1. And he alleges that Director Crow (and his predecessor, Director Allbaugh) caused Plaintiff to suffer chronic and continuing pain by acting callously and recklessly to cause the policy to be enforced. In light of Plaintiff's pro se status, the Court finds Plaintiff's § 1983 claim against Director Crow to be sufficient as pleaded for the instant stage of litigation.

---

[4] Director Crow was automatically substituted for former-Defendant Joe M. Allbaugh (former director of the Oklahoma Department of Corrections) pursuant to Federal Rule of Civil Procedure 25(d) because Mr. Allbaugh was only sued in his official capacity. After Judge Erwin issued his R. & R., Director Crow was named to the position permanently (after previously serving in an interim capacity). *See* Press Release (Dec. 9, 2019), https://www.governor.ok.gov/articles/press_releases/governor-stitt-appoints-crow-as-director-of-odoc.

Third, Plaintiff objects to Judge Erwin's recommendation that the Court dismiss Plaintiff's state-law claims for defamation against Mr. Jones, Ms. Arriaga, and Warden Byrd due to Plaintiff's failure to state a claim because (i) the statements by Mr. Jones and Ms. Arriaga were privileged as being part of quasi-judicial procedures and (ii) Warden Byrd did not (per Plaintiff's allegations) make any statements regarding him. Part of Plaintiff's objection addresses the existence of supplemental jurisdiction under § 1367, but Judge Erwin's recommendation was not that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law defamation claims, so the first part of Plaintiff's objection is not applicable to the issues at hand. Plaintiff also objects by indicating that he has adequately stated a claim. But Plaintiff does not dispute Judge Erwin's determination that the proceedings in which Plaintiff alleges the statements were made by Mr. Jones and Ms. Arriaga were quasi-judicial. Nor does he dispute that he failed to allege any statement was made regarding him by Warden Byrd. Accordingly, Plaintiff's objections are not specific to the R. & R. issued by Judge Erwin, and Plaintiff has waived review of the bases for Judge Erwin's recommendation.

Finally, Plaintiff objects to Judge Erwin's assessment that appointment of counsel is not necessary in this case. Having reviewed Plaintiff's filings to date, the Court concurs with Judge Erwin's assessment regarding the relevant factors to determining whether appointment of counsel in a civil case is appropriate. *See also Chaney v. Wal-mart Stores, Inc.*, No. CIV-15-592-R, 2015 WL 6692108, at *12 (W.D. Okla. Nov. 3, 2015) ("[T]here is no constitutional or statutory right to counsel in federal civil cases . . . .").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED IN PART (as to all parts except disposition of Plaintiff's § 1983 denial of medical care claim against Defendant Scott Crow) and DECLINED IN PART (as to disposition of Plaintiff's § 1983 denial of medical care claim against Defendant Scott Crow).

IT IS FURTHER ORDERED that the following claims are DISMISSED WITHOUT PREJUDICE:

(i) Plaintiff's § 1983 failure to protect claim against Defendant Raymond Byrd,

(ii) Plaintiff's § 1983 supervisory liability excessive force claim against Defendant Andrew Ferrell,

(iii) Plaintiff's § 1983 procedural due process claims against Defendant Greg Jones, Defendant Jacquelin Arriaga, Defendant Munday, and Defendant Raymond Byrd, and

(iv) Plaintiff's state-law claims for defamation against Defendant Greg Jones, Defendant Jacquelin Arriaga, and Defendant Raymond Byrd.

IT IS FURTHER ORDERED that the following claims are DISMISSED WITH PREJUDICE:

(i) Plaintiff's § 1983 denial of medical care claims against Defendant Payne and Defendant Safeih Rashti and

(ii) Plaintiff's § 1983 denial of exercise claim against Defendant V. Ensey.

IT IS FURTHER ORDERED that Plaintiff's Request for Counsel [Doc. No. 14] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Order [Doc. No. 15] is DENIED AS MOOT in light of the disposition herein of Plaintiff's claims against the defendants identified in Plaintiff's Request for Order [Doc. No. 15].

IT IS SO ORDERED this 23rd day of March, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE