## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN E. WILLIAMS, III.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-465-SLP** |
| | ) | |
| | ) | |
| **MICHAEL LIGHT, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis,* has filed this action pursuant to 42 U.S.C § 1983 asserting violations of his constitutional rights. After preliminary review of the Complaint[1] (hereafter "complaint") **(ECF No. 1)**, this Court finds that an investigation and special report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). In compliance with the guidelines set out in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), a procedure has been followed in this judicial district whereby an administrative review of the subject matter of civil rights complaints filed by inmates is undertaken by the appropriate officials and the

---

[1] On March 23, 2020, United States District Judge Scott L. Palk entered an Order (ECF No. 22) dismissing all claims except Plaintiff's § 1983 denial of medical care claim against Defendant Scott Crow; Plaintiff's Eighth Amendment claim against Defendant Light for the use of excessive force; and Plaintiff's claim against Defendant Ferrell for failure to intervene against the use of excessive force.

results of that review reported to the Court. Therefore, **IT IS THE ORDER OF THIS COURT** that:

(1)    Officials    responsible    for    the    operation    of    the    **CIMARRON CORRECTIONAL FACILITY, CUSHING, OKLAHOMA** shall undertake a review of the subject matter of the complaint:

    (a)    To ascertain the facts and circumstances underlying Plaintiff's claims, including any administrative relief attempt;

    (b)    To consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of these claims; and

    (c)    To determine whether prior related complaints, either pending in this Court or elsewhere, should be considered together with the present claims.

(2)    Following completion of the review, a written special report setting forth the findings shall be compiled. The special report shall restate in separate paragraphs the allegations of the complaint followed by the pertinent information developed by the review. Any rules and regulations pertinent to the subject matter of the complaint shall be included as part of the special report. Whenever appropriate, medical and/or psychiatric records shall be included in the special report. Likewise, any rules and regulations pertinent to the complaint's subject matter shall be included in the special report.

(3)    The special report shall be due no later than sixty (60) days from the date on which the first defendant is served. When a defendant agrees to waive service, the

date on which the waiver form is sent shall be considered the date of service. *See* Fed. R. Civ. P. 4(d)(4). The Court further orders the Defendants to file an answer or dispositive motion within sixty (60) days of service.

(4)     Defendants are advised that filing a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies will typically be considered as a motion for summary judgment. Thus, such a motion generally must be in compliance with procedural rules for summary judgment. *See* Fed. R. Civ. P. 56; LCvR 56.1; *see also* LCvR 56.1(a) (limiting each party to one Rule 56 motion, absent leave of Court). Further, upon receipt of such a motion, the Court may order limited discovery and extend Plaintiff's response time.

(5)     Unless otherwise ordered, any party shall have seven (7) days to respond to a request for an extension of time.

(6)     No other applications or motions shall be filed or considered and no discovery shall be served upon any parties until the special report has been filed, except as the Court may otherwise order.

(7)     Plaintiff is advised that if any Defendant(s) files a motion to dismiss, Plaintiff must file a response thereto within twenty-one (21) days from the date the motion was filed. Local Civil Rule 7.1(g).[2] Failure to respond to the motion within the time period may result in the motion being deemed confessed.

---

[2] The Clerk of Court is directed to mail Plaintiff the Court's Local Civil Rules with this order.

(8)     The Plaintiff should also be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1(c) if any Defendant(s) files a motion for summary judgment. These rules and the case law provide that when a dispositive motion is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his/her/their pleadings to counter it. The party opposing the motion must respond with counter affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial. If the party opposing the motion does not so respond, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and judgment entered in his/her/their favor. Plaintiff must file a response to any motion for summary judgment within twenty-one (21) days from the date the motion was filed.

(9)     A copy of this order, the complaint, and a summons shall be served on each defendant in accordance with the Federal Rules of Civil Procedure 4; provided, however, that said service shall not be effected until the necessary service papers (along with service copies for each defendant) have been completed by the Plaintiff and furnished within twenty (20) days from this date to the Clerk for processing and issuance. Upon request of the Plaintiff, the United States Marshal Service would be available to effect service at the addresses provided by the Plaintiff. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C.

§ 1915(d). However, proof of service is the Plaintiff's responsibility and return of service on each defendant is due ninety (90) days from the date this action was filed. *See* Fed. R. Civ. P. 4(m).[3] The failure to timely file proof of service could result in dismissal of the action.

      **IT IS SO ORDERED** on April 20, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[3] Because Plaintiff's Complaint was subject to initial screening under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B), the Court has postponed commencement of the 90-day period for service of Defendants until the date of this Order.