IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

JOHN E. WILLIAMS, III,

    Plaintiff,

v.

    Case No: CIV-2019-465-SLP

MICHAEL LIGHT,

    Defendants.

## DEFENDANT SCOTT CROW'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND <u>BRIEF IN SUPPORT THEREOF</u>

Defendant Scott Crow[1], in his official capacity, by and through his attorney of record, Assistant Attorney General Desiree D. Singer, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully requests that this Court dismiss Plaintiff's claims against him for failure to state a claim upon which relief may be granted or, in the alternative, grant summary judgement in his favor pursuant to Fed. R. Civ. P. 56. In support of this Motion, Defendant submits the following brief.

### BRIEF IN SUPPORT

### STATEMENT OF THE CASE

Plaintiff John E. Williams, III, ODOC #524143, is an inmate in the custody of the Oklahoma Department of Corrections ("ODOC"), currently housed at Mack Alford Correctional Center. He is currently serving an eleven (11) year sentence for first-degree

---

[1] Plaintiff named Joe Allbaugh in his official capacity. Because Allbaugh is no longer the Director of the Oklahoma Department of Corrections, Scott Crow is substituted herein in his official capacity as the current Director.

1

manslaughter. Plaintiff brings this case pursuant to 42 U.S.C. § 1983, alleging numerous constitutional violations arising out of incidents taking place at Cimarron Correctional Facility in 2018 and 2019. Specifically, Plaintiff alleges that Defendant Crow, as ODOC Director, is responsible for compliance with medical policy and his failure to do so resulted in Plaintiff suffering from chronic pain and exacerbation of pre-existing conditions. [Doc. 1] at 24-25. Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## STANDARD OF REVIEW

### *Lack of subject matter jurisdiction*

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974), and *Eagle Air Med Corp. v. Martin*, No. CIV.A. 08-CV-00532LT, 2009 WL 651800 (D. Colo. Mar. 12, 2009) aff'd, 377 F. App'x 823 (10th Cir. 2010).

### *Failure to state a claim upon which relief can be granted*

Fed. R. Civ. P. (12)(b)(6) empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must contain enough "facts to

state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. The court should "look for plausibility in th[e] complaint." *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The specific allegations in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id*. at 1215, n.2; *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Entitlement to relief requires more than just "labels and conclusions or a formulaic recitation of the elements" to state a cause of action. *Robbins v. State of Okla.*, 519 F.2d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Although decided within an antitrust context, the United States Supreme Court held that *Twombly* "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In deciding a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the claimant. *Bell Atl. Corp.*, 550 U.S. at 555; *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

***Summary judgment***

Summary judgment shall be granted when the moving party demonstrates that it is entitled to judgment as a matter of law because there is no evidence – considering the pleadings, depositions, answers to interrogatories, along with affidavits – to support the claims of the nonmoving party or that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue is "genuine"

only if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Although a plaintiff is entitled to all reasonable inferences from the record, she must still marshal sufficient evidence requiring submission of the matter to the jury in order to avoid summary judgment. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007). Thus, if the plaintiff bears the burden of persuasion on a claim at trial, then summary judgment may be warranted if (a) Defendants point out a lack of evidence to support an essential element of that claim, and (b) Plaintiff cannot identify specific facts that would create a genuine issue. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013).

## STATEMENT OF UNDISPUTED MATERIAL FACTS[2]

1. Plaintiff John Williams, III, ODOC # 524143, was received into ODOC custody on October 27, 2015 and is currently serving an eleven (11) year sentence for Manslaughter in the First Degree. *Special Report*, [Doc. 41-1] at 6.

2. Plaintiff was housed at Cimarron Correctional Facility ("CCF") from November 13, 2015 to July 23, 2020. *Id.*

---

[2] In citing to the Special Report, Defendant will reference the Bates numbering, located in bold print at the bottom of each page near the case style, in a six-digit format. For example, page one will appear as: ". . . (WD)000001."

3. ODOC Operations Memorandum OP-090124 establishes the offender grievance process whereby inmates may seek formal administrative decisions or answers to issues or complaints, including "conditions of confinement, actions of staff, and incidents occurring within or under the authority and control of DOC that have personally affected the offender making the complaint and for which remedy may be allowed by the agency or by law." [Doc. 41-2].

4. On February 1, 2019, Plaintiff submitted a Request to Staff ("RTS") alleging inadequate medical care for the treatment of his knee and back. [Doc. 41-6] at 55-56. On February 3, 2019, CCF staff responded to the RTS stating that Plaintiff had been seen by medical staff and offered an ACE bandage, which he refused, as well as ibuprofen for pain. *Id*. Plaintiff was further instructed to submit a sick call request should he have any further concerns regarding his health care. *Id*.

5. On February 8, 2019, Plaintiff submitted an inmate grievance challenging that response. *Id*. at 57-58. On February 28, 2019, Plaintiff's grievance was returned unanswered due to procedural defects. *Id*. at 59. Plaintiff was offered the opportunity to correct the deficiencies and resubmit his grievance within ten (10) days. *Id*. On March 4, 2019, Plaintiff resubmitted his grievance. *Id*. at 60-61. On March 21, 2019, the grievance was returned unanswered because Plaintiff submitted the original RTS out of time and because he failed to correct the errors previously identified in his grievance. *Id*. at 62.

6. On April 1, 2019, Plaintiff submitted a grievance appeal to the Administrative Review Authority ("ARA"). *Id*. at 63. On April 30, 2019, the appeal was returned unanswered

5

for Plaintiff's failure to correct the errors in his grievance which had been identified by the reviewing authority. *Id*. at 64.

## ARGUMENT AND AUTHORITY

**PROPOSITION I: PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a prisoner cannot sue concerning prison conditions without first exhausting all available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001); 42 U.S.C. § 1997e(a). Exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. *Woodford v. Ngo,* 548 U.S. 81 (2006); *Booth,* 532 U.S. at 741.

To exhaust properly, the prisoner must comply "with an agency's deadlines and other critical procedural rules. . . ." *Ngo*, 548 U.S. at 90. "Simply presenting a defective or non-complying grievance . . . does not constitute exhaustion of remedies." *Brewer v. Mullin*, 130 F.App'x 264, 265 (10th Cir. 2005) (unpublished opinion). Prisoners must exhaust remedies, even if doing so seems futile. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Moreover, a prisoner must timely exhaust each and every step of a prison system's grievance procedure in full compliance with the procedure's requirements—partial compliance is not sufficient. *Id.* Courts will only excuse failure to exhaust if prison

officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Finally, the prisoner must complete the grievance process or there is no exhaustion of administrative remedies. *Id.*

***ODOC's Grievance Process***

ODOC Operations Memorandum OP-090124, "Offender Grievance Process," governs ODOC offender complaints regarding incidences of prison life. UMF # 3. Further, it provides the multi-step exhaustion process an offender must satisfy before filing suit. *Id.* According to OP-090124(IV), an offender must first attempt to resolve informally his complaint by talking with the appropriate staff member. If unsuccessful, then the offender must submit a Request to Staff (RTS) to the appropriate staff member. *Id.* at (IV)(C). If the offender's complaint remains unresolved, the offender must submit a formal Grievance to the Reviewing Authority. *Id.* at (V). If the complaint is medical related, the offender must submit the Grievance to the facility Correctional Health Services Administrator (CHSA). *Id.* at (V)(B)(1). Grievances that are an emergency or of a sensitive nature can be submitted directly to the Reviewing Authority without informal resolution. This is appropriate where the inmate faces a substantial risk of personal injury, sexual harm or other irreparable harm. *Id.* at (VIII). If a grievance response fails to resolve the issue, the inmate must then appeal to the Administrative Review Authority (ARA), or if the complaint is medical related, to the Medical Administrative Review Authority (MARA). *Id.* at (VII). Only after all of these steps are taken has the grievance process been exhausted.

*Plaintiff's Grievances*

On February 1, 2019, Plaintiff submitted a Request to Staff ("RTS") alleging inadequate medical care for the treatment of his knee and back. UMF #4. On February 3, 2019, CCF staff responded to the RTS stating that Plaintiff had been seen by medical staff and offered an ACE bandage, which he refused, as well as ibuprofen for pain. *Id*. Plaintiff was further instructed to submit a sick call request should he have any further concerns regarding his health care. *Id*. On February 8, 2019, Plaintiff submitted an inmate grievance challenging that response. UMF #5. On February 28, 2019, Plaintiff's grievance was returned unanswered due to procedural defects. *Id*. Plaintiff was offered the opportunity to correct the deficiencies and resubmit his grievance within ten (10) days. *Id*. On March 4, 2019, Plaintiff resubmitted his grievance. *Id*. On March 21, 2019, the grievance was returned unanswered because Plaintiff submitted the original RTS out of time and because he failed to correct the errors previously identified in his grievance. *Id*. On April 1, 2019, Plaintiff submitted a grievance appeal to the Administrative Review Authority ("ARA"). UMF # 6. On April 30, 2019, the appeal was returned unanswered for Plaintiff's failure to correct the errors in his grievance which had been identified by the reviewing authority. *Id*. Because Plaintiff failed to fully and correctly pursue his complaints according to ODOC policy, he has failed to exhaust his administrative remedies as required by the PLRA. Therefore, his Complaint must be dismissed in its entirety.

**PROPOSITION II:	DEFENDANT CROW IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.**

Even if this Court finds that Plaintiff did properly exhaust his administrative remedies, his Complaint must still be dismissed. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by citizens of another state. . . ." U.S. CONST. AMEND. XI. "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks omitted). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (citations omitted). ODOC is an arm of the state for Eleventh Amendment purposes as is Defendant Crow, named in his official capacity. Therefore, he is not a "person" subject to liability under § 1983. Further, Plaintiff cannot recover money damages against this Defendant in his official capacity as the Eleventh Amendment protects him against such suits. *Kentucky v. Graham*, 472 U.S. 159, 169 (1985).

Even if a state or state agency could be proper defendants in a § 1983 action, a defendant cannot be held liable under the statute merely because he or she has a supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Liability of a supervisor under § 1983 for the actions of a subordinate only lies where there is an "affirmative link" between the alleged constitutional deprivation and the supervisor's personal participation

or the supervisor's own failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (citation omitted). Plaintiff fails to allege how, if at all, Defendant Crow personally participated in his medical care.

States may waive their Eleventh Amendment immunity, or Congress may abrogate that immunity in some instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (citations omitted). The State of Oklahoma has not waived its Eleventh Amendment immunity. OKLA. STAT. ANN. tit. 51, § 152.1(B) (2012). Nor has Congress abrogated Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (overruled on other grounds by *Hafer v. Melo*, 502 U.S. 21, 27 (1991)). Therefore, the Eleventh Amendment bars Plaintiff's claim against Defendant Crow in his official capacity for money damages and, as a result, Defendant Crow respectfully requests that this Court dismiss the official capacity claim against him.

**PROPOSITION III:   PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF MUST BE DISMISSED AS MOOT.**

Plaintiff seeks injunctive relief in the form of release from the Intensive Supervision Unit, termination of the existence of this unit, and adequate medical care. [Doc. 1] at 37. Article III limits federal court jurisdiction to only actual cases or controversies. *See e.g., Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (citation omitted). Further, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Presier v. Newkirk*, 422 U.S. 395, 401 (1975) (citation omitted). "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist,

and the case becomes moot." *United States v. Hahn,* 359 F.3d 1315, 1323 (10th Cir. 2004) (en banc); *see also McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) ("A claim will be deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff.") (citation and internal quotation marks omitted).

A narrow exception to the mootness doctrine exists for disputes that are "capable of repetition while evading review." *Turner v. Rogers*, 534 U.S. 431, 439 (2011) (citation and internal quotation marks omitted). A dispute falls into this category if "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). However, a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party" is required. *Murphy v. Hunt*, 455 U.S. 478 (1982) (citation and internal quotation marks omitted). "[A] mere physical or theoretical possibility" that the controversy might recur is not enough to satisfy the second prong of the test. *See id.* at 479. "An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007) (unpublished).

Here, Plaintiff is no longer housed at CCF. UMF # 2. Further, Plaintiff cannot establish that his alleged injury is capable of repetition while evading review. Because he is at a new facility, he is under the care of entirely different medical providers than those named as defendants in this matter. If he is not satisfied with the medical care at his current

facility, he is able to seek redress immediately according to ODOC policy and subsequently by judicial review through the filing of a new Compliant. However, at this point, Plaintiff cannot show beyond the level of a mere possibility that the same or even a similar controversy will arise in his present facility. Therefore, his claim does not fall into the exception to the mootness doctrine. His claim for injunctive relief must be dismissed.

**PROPOSITION IV: PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.**

Plaintiff's claim for punitive damages against Defendant Crow in his official capacity must be dismissed. As discussed above, claims against state officials named in their official capacities are no different than claims against the entities that those officials represent. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In *Youren v. Tintic School District*, the Tenth Circuit held that "the district court erred in preventing the jury from considering the imposition of punitive damages" against a government employee sued in her official capacity. 343 F.3d 1296, 1309. This aspect of *Youren* has not been overturned but has repeatedly "been called into question by lower courts[.]" *Estep v. City of Del City ex rel. Del City Police Dep't*, No. CIV-17-625-M, 2018 WL 1598674, at *4 (W.D. Okla. Mar. 30, 2018). Even the Tenth Circuit itself has called this holding into question, characterizing *Youren* as an "anomalous outlier" and reasoning that if "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, and a municipality is immune from punitive damages under 42 U.S.C. § 1983, then individuals sued in their official capacity should be immune from punitive damages as well." *Cross Continent Dev., LLC v. Town of Akron*, 548 F.

App'x 524, 531 (10th Cir. 2013) (internal quotation marks omitted). This Court and others have disallowed redundant official-capacity suits. *See, e.g.*, *Morris v. Humphrey*, No. CIV-14-497-W, 2014 WL 3451033, at *1 n.3 (W.D. Okla. July 11, 2014) (acknowledging *Youren* but dismissing official-capacity claim as redundant of claim against the municipality); *Cooper v. Cagle*, No. CIV-06-881-C, 2007 WL 2840385, at *3 (W.D. Okla. Sept. 27, 2007) (acknowledging *Youren* and nonetheless dismissing punitive-damages claim against state actors sued in their official capacities). Other Circuits have also found that punitive damages are unavailable in § 1983 suits against defendants named in their official capacities. *See*, e.g., *Oliver v. Baca*, 913 F.3d 852 (9th Cir. 2019); *Powell v. Alexander*, 391 F.3d 1 (1st Cir. 2014); *Stauffer v. Gearhart,* 741 F.3d 574 (5th Cir. 2014); *Biggs v. Meadows*, 66 F.3D 56 (4th Cir. 1995); *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991). This Court should find that punitive damages are not permitted in official capacity suits under § 1983.

Even if this Court finds that punitive damages are available in a § 1983 case against Defendant in his official capacity, Plaintiff still fails to satisfy the requirements for a punitive damages award. Punitive damages are available in § 1983 actions against an individual defendant "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30 (1983). *Smith* held that "reckless indifference" means a conscious indifference to the rights of the plaintiff. *Id*. at 37. Plaintiff has not alleged and cannot show that Defendant Crow exhibited "evil motive or intent, or . . . reckless or callous indifference" to Plaintiff's federally protected rights. In fact, Plaintiff

13

has not even alleged that Defendant even knew of Plaintiff's medical need. The Supreme Court has stated that "[t]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Defendant did not act in a reprehensible manner when he merely approved a policy to ensure that inmates receive medical care while in custody of the ODOC. Therefore, Plaintiff is not entitled to punitive damages.

## CONCLUSION

For the foregoing reasons, Defendant Crow respectfully requests that this Court dismiss Plaintiff's Complaint, or in the alternative, grant summary judgment in his favor, and grant any other such relief as the Court deems just and proper.

Respectfully submitted,

/s/Desiree D. Singer
**DESIREE D. SINGER, OBA #33053**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK  73105
Telephone:   (405) 521-3921
Facsimile:   (405) 521-4518
Email: desiree.singer@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of September 2020, a true and correct copy of the foregoing document was sent via U.S. mail, postage prepaid to the following:

**JOHN E. WILLIAMS, 524143**
**MACK ALFORD CORRECTIONAL CENTER**
PO Box 220
Stringtown, OK 74569
*Plaintiff Pro se*

               /s/Desiree D. Singer
               Desiree D. Singer