225 Fed.Appx. 737
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 10th Cir. Rule 32.1.
United States Court of Appeals,
Tenth Circuit.

Wallace MITCHELL, Plaintiff–Appellant,

v.

Kevin ESTRADA, Correction Officer; Joe E. Gunja,
Warden; Brandon E. Payne, EMT–Paramedic;
Bill Grant, M.D., Psychiatrist; Harley Lappin,
Director, Bureau of Prisons, in their personal and
professional capacities, Defendants–Appellees,
and
Rachel Miller, R.N., Defendant.

No. 05–1476.
|
Feb. 15, 2007.

**Synopsis**
**Background:** Federal prisoner brought suit against prison
officials, alleging that conditions of his confinement violated
his constitutional rights under First, Fifth, Sixth, and Eighth
Amendments. The United States District Court for the District
of Colorado dismissed his claims based on his failure to
exhaust administrative remedies. Prisoner appealed.

**Holdings:** The Court of Appeals, Michael W. McConnell,
Circuit Judge, held that:

[1] recusal of magistrate judge and disqualification of
assistant United States attorney were not warranted;

[2] prisoner did not have the evidentiary burden of
demonstrating exhaustion of his administrative remedies;

[3] presence of some unexhausted claims did not require
dismissal of the entire case; and

[4] prisoner's transfer to another facility rendered his claims
for declaratory and injunctive relief moot.

Affirmed in part, reversed in part, and remanded.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (6)

[1]   **Federal Courts**  🗝  Judge

District court's denial of disqualification and
recusal motions in federal prisoner's suit against
prison officials would be reviewed for abuse of
discretion.

[2]   **Federal Courts**  🗝  Pleading

District court's legal determination to dismiss
with prejudice federal prisoner's damages claims
against prison officials, as well as his claims
for declaratory and injunctive relief, would be
reviewed de novo.

1 Cases that cite this headnote

[3]   **Attorney General**  🗝  Powers and Duties
**United States Magistrate Judges**  🗝  Bias;
recusal

Recusal of magistrate judge and disqualification
of assistant United States attorney were not
warranted in federal prisoner's action against
prison officials, absent allegation of facts to
support prisoner's claims that magistrate judge
had a preformed opinion on the case and that
assistant United States attorney had a conflict of
interest.

1 Cases that cite this headnote

[4]   **Prisons**  🗝  Evidence

Since failure to exhaust administrative remedies
was an affirmative defense to federal prisoner's
suit against prison officials, prisoner did not
have the evidentiary burden of demonstrating
exhaustion of his administrative remedies. Prison

Litigation Reform Act of 1995, § 101(a), 🚩 42
U.S.C.A. § 1997e(a).

Unpublished Case

5 Cases that cite this headnote

**[5]**    **Prisons** 👉 Particular cases

Presence of some unexhausted claims in federal prisoner's suit against prison officials did not require the dismissal of the entire case. Prison Litigation Reform Act of 1995, § 101(a), 🚩 42 U.S.C.A. § 1997e(a).

**[6]**    **Declaratory Judgment** 👉 Criminal laws

**Injunction** 👉 Mootness and ripeness; ineffectual remedy

**Injunction** 👉 Prisons and Prisoners

Federal prisoner's transfer to another facility rendered his claims against prison officials for declaratory and injunctive relief related to the conditions of his confinement moot.

11 Cases that cite this headnote

**Attorneys and Law Firms**

**\*738** Wallace Mitchell, Adelanto, CA, for Plaintiff–Appellant.

William J. Leone, Joe Benedict Garcia, Kathleen L. Torres, Paul Farley, Office of the United States Attorney, Nina Y. Wang, Faegre & Benson LLP, Denver, CO, for Defendants–Appellees.

Before HENRY, ANDERSON, and McCONNELL, Circuit Judges.

**ORDER AND JUDGMENT** [*]

MICHAEL W. McCONNELL, Circuit Judge.

**\*\*1** Wallace Mitchell, a federal prisoner proceeding pro se, appeals the dismissal of his claims that defendants (officials and employees of the United States Bureau of Prisons (BOP)), violated his constitutional rights under the First, Fifth, Sixth, and Eighth Amendments while he was a prisoner at the United States Penitentiary in Florence, Colorado (USP–Florence).

The recent Supreme Court case of 🚩 Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), abrogates Tenth Circuit cases construing the exhaustion requirements of 🚩 42 U.S.C. § 1997e(a), a provision of the Prison Litigation Reform Act of 1995 (PLRA). See 🚩 Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir.2004), abrogated by 🚩 Jones, 549 U.S. at —— – ——, 127 S.Ct. 910, 923–25; 🚩 Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir.2003), abrogated by 🚩 Jones, 549 U.S. at —— – ——, 127 S.Ct. 910, 921–22.

Because the district court relied on the abrogated cases for its exhaustion rulings, we reverse and remand for further proceedings on issues related to exhaustion. We also dismiss as moot Mr. Mitchell's appellate challenges to the denial of declaratory and injunctive relief based on his transfer from USP–Florence. Finally, we affirm the district court's disposition of Mr. Mitchell's remaining issues.

I.

In a series of complaints, amendments, and supplements, Mr. Mitchell alleged that: (1) defendant Kevin Estrada, a correctional officer at USP–Florence, had hired inmates to assault Mr. Mitchell in April 2003 and had placed a continuing contract on his life; (2) defendant Joe E. Gunja, the USP warden, threatened to have Mr. Mitchell killed, placed known enemies in his cell, ordered the April 2003 assault, and conspired with Officer Estrada; (3) defendant Brandon Payne, a paramedic, refused to treat Mr. Mitchell for the serious injuries he sustained in the assault; (4) defendant Harley Lappin, the Director of the BOP, conspired with defendant Gunja to have Mr. Mitchell killed, ordered him assaulted, and refused to transfer him to a safer facility; and (5) defendant Bill Grant, the USP–Florence psychiatrist, denied him his necessary psychotropic **\*739** medications. [1] Mr. Mitchell sought damages, a declaratory judgment of official wrongdoing, and an injunction requiring a protective transfer.

Defendants filed motions to dismiss, which were referred to the magistrate judge assigned to the case. Mr. Mitchell contested defendants' motions and also asked the magistrate judge to recuse himself and to disqualify the assistant United States attorney as counsel for defendants. The magistrate

WESTLAW    © 2020 Thomson Reuters. No claim to original U.S. Government Works.    2

Unpublished Case

judge recommended denial of the motions to disqualify and recuse as lacking in merit.

Then, in a detailed seventy-six page recommendation, the magistrate judge sorted through Mr. Mitchell's claims. Based on the doctrine of sovereign immunity, the magistrate judge recommended that the claims for damages, declaratory relief, and injunctive relief against defendants in their official capacities should be dismissed with prejudice.

**\*\*2** The magistrate judge next evaluated Mr. Mitchell's damage claims against defendants in their individual capacities for exhaustion of available administrative remedies in accordance with 🚩 42 U.S.C. § 1997e(a). [2] The magistrate judge applied the abrogated rule expressed in 🚩 *Steele,* 355 F.3d at 1209–10, that

> in this circuit, the exhaustion requirement is not an affirmative defense, but instead, must be sufficiently pled and/or documented by an inmate in his Complaint and failure to do so is the same as failing to state a claim upon which relief may be granted. Therefore, the burden with regard to the exhaustion requirements belongs to the inmate who must supply well-pled factual allegations and/or documentation in his pleadings. To satisfy this burden, the inmate who desires to pursue a prison conditions claim in federal court will necessarily need to maintain accurate records of his or her grievance activities.... [T]he ultimate issue is and remains whether *the plaintiff* has well-pled factual allegations and/or provided sufficient documentation of exhaustion with regard to his individual claims....

R., Doc. 149, at 25–26 (citation omitted).

With this explicit allocation of the burden, the magistrate judge concluded that Mr. Mitchell had demonstrated exhaustion of his claims against Mr. Gunja, with the exception of newly-added allegations of a conspiracy with Mr. Estrada and Mr. Lappin. He then determined that none of Mr. Mitchell's other claims were exhausted. The magistrate judge was unpersuaded by Mr. Mitchell's argument that any lack of actual exhaustion should be excused on the ground that the prison grievance process was not available to him during critical time periods. The magistrate judge recommended allowing voluntary dismissal of the unexhausted claims with prejudice and proceeding with the exhausted claim against Mr. Gunja.

Mr. Mitchell objected to the recommendation and, as the district court stated, "[c]onsistent with his approach to the prison grievance process and his approach in tendering supplemental pleadings to the court, he ... filed numerous supplemental **\*740** objections without ever showing why he could not have placed all his objections into a single document." R., Doc. 170, at 1. Upon its de novo review, the district court agreed with the magistrate judge's dissection of the facts and recommendation to dismiss with prejudice the official-capacity claims. The court, however, refused to allow voluntary dismissal of the unexhausted claims. The district court decided that the "better course is to ... dismiss all of the individual-capacity claims without prejudice" under the recently abrogated rule announced in 🚩 *Ross,* 365 F.3d at 1189, that the PLRA requires dismissal of an action in its entirety without prejudice if a prisoner's complaint contains unexhausted claims. R., Doc. 170 at 2.

## II.

On appeal, Mr. Mitchell asserts that the district court erred: (1) in denying his motions for disqualification of the assistant United States attorney and recusal of the magistrate judge; (2) in dismissing without prejudice his damages claims for failure to demonstrate total exhaustion; and (3) in dismissing with prejudice his claims for declaratory and injunctive relief. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

**\*\*3** "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." 🚩 *Perkins v. Kan. Dept. of Corr.,* 165 F.3d 803, 806 (10th Cir.1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and ... construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.*

**[1]** **[2]** Our standard of review is dependent on the issue under examination. We review the denial of the disqualification and recusal motions for abuse of discretion. 🚩 *Chavez v. New Mexico,* 397 F.3d 826, 839 (10th Cir.2005) (disqualification of counsel); *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992) (recusal of presiding judge). The district court's legal determination to dismiss with prejudice the claims for declaratory and injunctive relief and his

Unpublished Case

damages claims without prejudice are reviewed de novo. *See* *Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir.1994) (dismissal for legal insufficiency); *Ross,* 365 F.3d at 1185 (dismissal for failure to exhaust).

### A. Disqualification of counsel and recusal of magistrate judge

 **[3]**    Mr. Mitchell alleges that the magistrate judge had a duty to recuse himself because he held a preformed opinion on the case and also that the assistant United States attorney should have been disqualified as counsel for defendants due to a conflict of interest. We see no abuse of discretion in either ruling because Mr. Mitchell has alleged no facts to support his claims. *See* *Chavez,* 397 F.3d at 840 (requiring evidence of conflict to demonstrate abuse of discretion in denying disqualification motion); *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir.2004) (requiring reasonable factual basis to question the presiding judge's impartiality). Mr. Mitchell's asserted conclusions, beliefs, and opinions are insufficient to form a basis for disqualification or recusal.

### B. Exhaustion of administrative remedies

 **[4]**    Mr. Mitchell's complaint and supplemental filings assert that he complied with prison procedures in exhausting administrative remedies for his damages claims and, even if he did not, he fully pursued the remedies that were available **\*741**  to him. The magistrate judge determined that Mr. Mitchell had failed to meet his burden of demonstrating exhaustion and recommended dismissal for failure to state a claim. In *Jones,* however, the Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at ——, 127 S.Ct. 910, 921. Since "[e]xhaustion is an affirmative defense, the burden of proof is on the defendants." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir.2006). *Accord* *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005). In light of this significant shift in the evidentiary burden, we conclude that the district court should be given the opportunity in the first instance to evaluate defendants' proof of nonexhaustion.[3]

 **\*\*4**  **[5]**    Furthermore, the district court's determination that most of Mr. Mitchell's claims were not exhausted led to its decision to dismiss the case under the total exhaustion rule previously applied in this circuit. *See* *Ross,* 365 F.3d at 1189. The Supreme Court, however, has rejected the proposition that the PLRA demands a departure from the general principle that "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. Only the bad claims are dismissed; the complaint as a whole is not." *Jones,* 549 U.S. at ——, 127 S.Ct. 910, 924 (quotation and alteration omitted). On remand, the district court should be mindful that the presence of unexhausted claims does not require the dismissal of Mr. Mitchell's entire case.

### C. Declaratory and injunctive relief

 **[6]**    Mr. Mitchell also argues that the district court erred in dismissing with prejudice his claims for a declaratory judgment and injunctive relief. We note that Mr. Mitchell is no longer an inmate at USP–Florence. An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement. *See* *Green v. Branson,* 108 F.3d 1296, 1299–1300 (10th Cir.1997) (holding that release from prison moots claims for declaratory and injunctive relief); *Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985) (indicating that the general rule applies to a transfer between prisons). Because Mr. Mitchell has been transferred to another facility, his claims for declaratory and injunctive relief are moot. Thus, this court lacks jurisdiction to consider the district court's ruling on Mr. Mitchell's declaratory judgment and injunction claims. *See* *Green,* 108 F.3d at 1299.

### III.

We REVERSE AND REMAND all rulings on exhaustion for further proceedings in accordance with *Jones,* 549 U.S. 199, 127 S.Ct. 910, and this order and judgment. We DISMISS the declaratory judgment and injunctive relief claims as moot.  **\*742**  The remainder of the district court's judgment is AFFIRMED.

**All Citations**

225 Fed.Appx. 737, 2007 WL 475822

Unpublished Case

## Footnotes

| | |
|---|---|
| * | After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1. |
| 1 | Mr. Mitchell also sued defendant Rachel Miller, a USP nurse, for denial of medical treatment. Because Ms. Miller has never been served and has never appeared in this action, the claim against her is not relevant to this appeal. |
| 2 | Section 1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. |
| 3 | Mr. Mitchell alleges that the grievance process was not available to him during critical periods due to injuries sustained in the cell assault, hospitalization, lockdown of the Special Housing Unit, and absence from custody. We note that the magistrate judge evaluated these allegations under the cause-and-prejudice framework developed in habeas corpus cases to excuse procedural default. There is no need for an analogy to the law of habeas corpus. Under § 1997e(a), the question is straightforward: whether the prisoner has exhausted "such administrative remedies as are available." *See Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir.1998) (noting that PLRA does not define "available," and applying dictionary definitions of "capable of availing; having sufficient power or force to achieve an end, ... capable of use for the accomplishment of a purpose: immediately utilizable, ... accessible or may be obtained") (quotations omitted). |

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.